IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HONEY ROTHSCHILD | ) | CASE NO. |
| 30628 Detroit Rd. #194 | ) | |
| Westlake, OH 44145 | ) | |
| | ) | JUDGE |
| Plaintiff | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | |
| CITY OF ELYRIA | ) | **DEMAND FOR JURY TRIAL** |
| 131 Court St. Ste 301 | ) | **Pursuant to Fed. R. Civ. P. 38(b)** |
| Elyria, OH 44035 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Now comes Plaintiff, Honey Rothschild, by and through counsel, and submits her Complaint in this action against the Defendant, the City of Elyria ("the City"), and hereby alleges as follows:

**INTRODUCTORY STATEMENT**

This is an action for declaratory, injunctive, and equitable relief, as well as monetary damages, to redress violations of Plaintiff's civil rights, as follows:

1. Plaintiff cultivated a successful career as an Assistant Prosecutor, part-time, at the City of Elyria since she was hired into that position in August of 1995 – a position she still holds today. Despite excellent performance in this role and attempts for the last 23 years, she has been denied a promotion to a full-time prosecutor position each and every time she has sought it. The City has refused to promote Plaintiff from a part-time prosecutor to a full-time prosecutor because of her age and/or race in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621,

– 1 –

*et seq.*; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §2000e, *et. seq.* ("Title VII"), and the Ohio Civil Rights Act, R.C. §4112.01, *et seq.* ("OCRA").

2.  The City retaliated against Plaintiff for making a protected complaint of discrimination to the City and to the EEOC related to her race and age, in violation of the laws cited above, by continuing to deny her meaningful consideration for promotion to a full-time Prosecutor position.

3.  The City's conduct was knowing, malicious, willful and wanton, and/or showed a reckless disregard for Plaintiff, which has caused, and continues to cause, Plaintiff to suffer substantial economic and non-economic damages, and mental anguish and emotional distress.

**PARTIES**

4.  Plaintiff has resided in the State of Ohio and was over the age of majority at all relevant times.

5.  For 23 years Plaintiff has been an "employee" of the City within the meaning of the ADEA, Title VII, the OCRA, and all other applicable law.  At all relevant times, she was 40 years of age or older.

6.  The City is a municipal corporation and body politic and corporate, organized under the Constitution and the laws of the state of Ohio.  It employed and employs Plaintiff and was and is an "employer" under the ADEA, Title VII, the OCRA, and other applicable law.

**JURISDICTION AND VENUE**

7.  This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions and issues regarding the City's violation of the ADEA and Title VII.  This Court has supplemental jurisdiction over Plaintiff's related claims arising under Ohio law pursuant to 28 U.S.C. §1367(a).

8.   This Court has personal jurisdiction over the City because it is organized in this District and has a substantial and persistent presence here.

9.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) and (2) because the City is located in this district under 28 U.S.C. §1391(c)(2), and a substantial part of the events or omissions giving rise to this action, including the City's unlawful employment practices, alleged herein, occurred in this district.

## STATEMENT OF FACTS

10. Plaintiff was hired on or around August 1, 1995, as an Assistant Prosecutor, Part-Time in the City of Elyria's Law Department ("Law Department") under then Elyria Law Director Terry Shilling. Plaintiff was initially assigned to the Collections Division.

11. Every year since 1995 when Plaintiff was hired, the City publicly claimed to support diversity by hosting an annual Martin Luther King Day Celebration at the local high school that has been attended by thousands of people.  Meanwhile, minorities are, and have been, excluded from supervisory and management positions by the City; and its unlawful discriminatory policies in the hiring and promotion of African-Americans and other minorities are contrary to Dr. King's legacy and the civil rights movement.

12. Plaintiff excelled in her performance as the supervisor in the Collections Division.  However, Plaintiff's applications for several full-time attorney positions that were available were denied under the pretext that there was no money in the budget.

13. In or around the Spring of 1996, Plaintiff was reassigned to the Criminal Division where she was paid less than Caucasians who had the same title ("Assistant Prosecutor") and who were performing the same or similar duties.

14. Though Plaintiff continued to request a promotion to full-time, from <u>1995 – to the present,</u> Plaintiff was consistently passed-over for promotions while substantially younger, Caucasian, and less-qualified or no better qualified individuals with less experience were hired as full-time criminal prosecutors over Plaintiff each and every time a position became available.  These employees included Jill Fehr, Linda Powers, Cynthia Adams, Scott Strait, and Sarah Walsh.

15. The City hired Sarah Walsh and Scott Strait who were recent law graduates. Because they were not licensed to practice law, they were hired as legal interns.

16. As soon as they were able to pass the bar exam, the City gave both Sarah Walsh and Scott Strait promotions to full-time prosecutors in the Criminal Division instead of Plaintiff, who continued to perform the same or similar duties on a part-time basis.

17. At the times that  legal interns Sarah Walsh and Scott Strait, both Caucasians, were promoted to full-time prosecutors, they were about 26 years old and much younger than Plaintiff. Furthermore, Plaintiff was more qualified because she had been licensed to practice law for more than 13 years with more than 4 years of prior prosecutor experience, plus 4 years as a magistrate.

18. In January of 2000, Plaintiff approached then-mayor of the City, William Grace, about why she was continuously passed-over for promotion to a full-time attorney position.  Mr. Grace promised that he would take the appropriate action. However, he never did so.

19. Around that time, Plaintiff also approached the City's Equal Employment Opportunity officer, Lataunya Conley, about how Plaintiff could file a complaint that she was being passed-over for promotion for discriminatory reasons.  Ms. Conley told Plaintiff that the Mayor said the City had no procedure for making such a complaint and instructed Plaintiff to file with the EEOC.

20. In 2000, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that on many occasions the City had failed to promote her based on her sex and race.

21. On or around December 28, 2001, Plaintiff and the City entered into a Settlement Agreement in which Plaintiff, in exchange for meaningful consideration for a promotion to full-time at the next open position, dismissed her EEOC charge and released other claims she could have asserted against the City up to that point.  That Settlement Agreement, which is a public record, is attached hereto as "Exhibit 1."

22. As a material condition of that Settlement Agreement, the City's promise to give Plaintiff "meaningful consideration" for a promotion to a full-time attorney position in the Law Department when such a position became available, induced Plaintiff to enter into said Agreement and to forego monetary and non-monetary consideration to which she believed she was otherwise entitled.

23. On many occasions, the City has violated the terms of this contractual obligation, dealt in bad faith with Plaintiff, and has continued to show bad faith by refusing to give Plaintiff any "meaningful consideration" for a promotion every time that a full-time attorney position has become available.

24. In January of 2011, Michael Szekely, who is Caucasian, retired. Plaintiff applied in writing to Law Director Shilling for promotion to that position, but Mr. Shilling once again gave the pretextual reason that the position would not be filled for budgetary reasons.  However, later that year, Mr. Shilling hired two part time assistant prosecutors to fill the position – John Keys and Erik Breunig - both  Caucasian.

25. In January of 2012, Scott Serazin became Law Director of the City of Elyria.  Mr. Serazin hired Matthew Mishak and Amanda Deery into full-time attorney positions in the Law Department.  They both are Caucasian and substantially younger than Plaintiff.

26. In February of 2012, Mr. Serazin terminated 3 of the 4 oldest assistant prosecutors in the Law Division.  At or around that time, in separate meetings with Linda Powers , Quentin Nolan , and Plaintiff  (all older than 50), Mr. Serazin told each that in order to make positions available for much younger employees, each of them would be terminated.

27. Plaintiff promptly wrote Mr. Serazin a letter asking that he reconsider her termination. Consequently, Plaintiff's termination was rescinded, but Mr. Serazin had already made it clear that he had unlawful discriminatory motives.

28. In 2016, Ms. Nedwick, who had previously resigned from her position as an assistant prosecutor, was rehired and then promoted to a full-time attorney position. Nedwick is Caucasian and substantially younger than Plaintiff, who was again denied meaningful consideration for this position.

29. Also in 2016, Plaintiff approached current Mayor of Elyria Holly Brinda about the 2001 settlement agreement (Exhibit 1) and asked why Plaintiff had not been given meaningful consideration for full-time attorney positions as the Settlement Agreement mandated.  Once more, Plaintiff never received a response.

30. In August of 2016, Mr. Mishak was terminated from his position as Assistant Prosecutor, Full-Time.  Joseph Bott, a Caucasian, who was approximately 31 years old and much younger than Plaintiff, was hired for the position, and Plaintiff was not given any meaningful consideration for promotion to that position.

31. In May of 2017 the most recent incident of discrimination against Plaintiff occurred when John Keys, a part-time attorney in the Law Department, retired.  Plaintiff asked Mr. Serazin if that open position could be combined with hers to create a full-time attorney position in the Law Department to which Plaintiff could be promoted.  Once again, Plaintiff was given the pretext of budgetary constraints when Mr. Serazin denied her the promotion to full-time.  However, Stephanie Smith Pinskey, a Caucasian, who was approximately 31 years old and substantially younger than Plaintiff, was hired into the position.

32. Also, during staff meetings, Mr. Serazin has singled-out Plaintiff as being from "the older generation," thereby again showing a discriminatory mindset.

33. Consequently, Plaintiff filed her second complaint of discrimination based on race, color, age, and retaliation with the EEOC on or around March 23, 2018.  She received a Right to Sue Letter, and within 90 days of receiving it, has filed this Complaint.  That Letter is attached hereto as "Exhibit 2."

**FIRST CAUSE OF ACTION**
**(Age Discrimination under the ADEA for Failure to Promote)**

34. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

35. At all times relevant hereto, Plaintiff successfully performed the duties and responsibilities of her position and therefore was qualified for it and for a position as a full-time attorney in the Law Department.

36. Plaintiff is more than 40 years old and has repeatedly requested promotion to a full-time attorney position in the Law Department.

37. The City continuously refused to promote Plaintiff to a full-time attorney position in the Law Department and instead hired and/or promoted other lesser qualified individuals who were under the age of 40 and/or substantially younger than Plaintiff.

38. The City had no legitimate, non-discriminatory business reasons for failing to promote Plaintiff.

39. The City's proffered reasons for failing to promote Plaintiff were pretext for discrimination.

40. The City unlawfully discriminated against Plaintiff because of her age with respect to the terms and conditions of her employment in violation of 29 U.S.C. §621, *et seq*..

41. The ADEA entitles Plaintiff to a remedy for such discrimination under 29 U.S.C. §621, *et seq*..

42. As a direct and proximate result of the City's conduct, Plaintiff suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### SECOND CAUSE OF ACTION
### (Age Discrimination under the OCRA for Failure to Promote)

43. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein

44. At all times relevant hereto, Plaintiff successfully performed the duties and responsibilities of her position and therefore was qualified for it and for a position as a full-time attorney in the Law Department.

45. Plaintiff is more than 40 years old and has repeatedly requested promotion to a full-time attorney position in the Law Department.

46. The City continuously refused to promote Plaintiff to a full-time attorney position in the Law Department and instead hired and/or promoted other lesser qualified individuals who were under the age of 40 and/or substantially younger than Plaintiff.

47. The City had no legitimate, non-discriminatory business reasons for failing to promote Plaintiff.

48. The City's proffered reasons for failing to promote Plaintiff were pretext for discrimination.

49. The City unlawfully discriminated against Plaintiff because of her age with respect to the terms and conditions of her employment in violation of R.C. §4112.14.

50. The ORCA entitles Plaintiff to a remedy for such discrimination under R.C. §4112.99.

51. As a direct and proximate result of the City's conduct, Plaintiff suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**THIRD CAUSE OF ACTION**
**(Race Discrimination under Title VII for Failure to Promote)**

52. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

53. Plaintiff is African-American, and she is and was a member of a protected class as defined by 42 U.S.C §2000e, *et. seq.* due to her race.

54. At all times relevant hereto, Plaintiff successfully performed the duties and responsibilities of her position and therefore was qualified for it and for a position as a full-time attorney in the Law Department.

55. The City continuously refused to promote Plaintiff to a full-time attorney position in the Law Department and instead hired and/or promoted other lesser qualified individuals who were Caucasian.

56. The City had no legitimate, non-discriminatory business reasons for failing to promote Plaintiff.

57. The City's proffered reasons for failing to promote Plaintiff were pretext for discrimination.

58. The City unlawfully discriminated against Plaintiff because of her race with respect to the terms and conditions of her employment in violation of R.C. 42 U.S.C §2000e, *et. seq.*, for which she is entitled to a remedy.

59. As a direct and proximate result of the City's conduct, Plaintiff suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### FOURTH CAUSE OF ACTION
### (Race Discrimination under the OCRA for Failure to Promote)

60. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

61. At all relevant times, Plaintiff was and is African American.

62. At all times relevant hereto, Plaintiff successfully performed the duties and responsibilities of her position and therefore was qualified for it and for a position as a full-time attorney in the Law Department.

63. The City continuously refused to promote Plaintiff to a full-time attorney position in the Law Department and instead hired and/or promoted other lesser qualified individuals who were Caucasian.

64. The City had no legitimate, non-discriminatory business reasons for failing to promote Plaintiff.

65. The City's proffered reasons for failing to promote Plaintiff were pretext for discrimination.

66. The City unlawfully discriminated against Plaintiff because of her race with respect to the terms and conditions of her employment in violation of R.C. §4112.02, *et. seq*.

67. The ORCA entitles Plaintiff to a remedy under R.C. §4112.99.

68. As a direct and proximate result of the City's conduct, Plaintiff suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**FIFTH CAUSE OF ACTION**
**(Retaliation for Engaging in Protected Activity under Title VII)**

69. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

70.  Plaintiff made multiple complaints regarding the City's failure to promote based on her race, as described above.

71. Such complaints resulted in Plaintiff filing a complaint with the EEOC, which culminated in the Settlement Agreement and General Release (Exhibit 1).

72. Such complaints constituted protected activity.

73. The City engaged in adverse employment actions every time it failed to promote Plaintiff despite her qualifications and tenure that exceeded all others considered, which violated 42 U.S.C. §2000e-3, for which she is entitled to a remedy.

74. As a direct and proximate result of the City's conduct, Plaintiff suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**SIXTH CAUSE OF ACTION**
**(Retaliation for Engaging in Protected Activity under the OCRA)**

75. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

76.  Plaintiff made multiple complaints regarding the City's failure to promote based on her race, as described above.

77. Such complaints resulted in Plaintiff filing a complaint with the EEOC, which culminated in the Settlement Agreement and General Release (Exhibit 1).

78. Such complaints constituted protected activity.

79. The City engaged in adverse employment actions every time it failed to promote Plaintiff despite her qualifications and tenure that exceeded all others considered, which violated R.C. §4112.02(I).

80. The ORCA entitles Plaintiff to a remedy for such retaliation under R.C. §4112.99.

81. As a direct and proximate result of the City's conduct, Plaintiff suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### SEVENTH CAUSE OF ACTION
### (Breach of Contract)

82. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

83. Plaintiff and the City entered into the Settlement Agreement and General Release (Exhibit 1), which was and is valid and binding on the parties.  This document was executed in December of 2001.

84. Specifically, the Settlement Agreement and General Release required the City "to give meaningful consideration to making Rothschild a full-time employee when the next available opening occurs for an attorney in the Law Director's office." (Exhibit 1 at pg. 2).

85. Nearly 17 years later, Plaintiff has still not received meaningful consideration for promotion and consequently has not been promoted.

86. As a result, Plaintiff has and will continue to suffer damages for this breach of contract.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against the City as follows:

A. For the City to make Plaintiff whole by providing compensation for violations of her civil rights, including but not limited to economic, compensatory, and emotional distress;

B.  For appropriate equitable relief against the City as allowed by ADEA, Title VII, the OCRA, and other applicable laws, including the enjoining and permanent restraining of these violations, and direction to the City to take such affirmative action as is necessary to ensure that the effects of the unlawful employment practices are eliminated and do not continue to affect the employment opportunities of Plaintiff or others;

C.  For an injunction requiring the City to promote Plaintiff to Assistant Prosecutor, full time;

D.  For an award of back pay, front pay, and reimbursement for lost wages;

E.  For an award of pre and post-judgment interest at the applicable rate; and

F.  For an award of additional relief as this Court deems just and proper.

Respectfully submitted,

 */s/ Shawn A. Romer*
Shawn A. Romer (0084251)
sromer@romerlawfirm.com
Romer Law Firm, LLC
2012 W. 25th St, Ste. 716
Cleveland, OH 44113
Ph: (216) 644-3722
Fx: (216) 803-6674
Attorney for Plaintiff

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Shawn Romer*
Shawn A. Romer (0084251)
Attorney for Plaintiff